```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FAYLAH LEBIE                    :
                                :
               Plaintiff,       :   CIVIL ACTION
                                :
     v.                         :   NO. 13-cv-6819
                                :
DARBY BOROUGH and               :
P/O PAUL McGRENERA              :
               Defendants.      :
                                :
                                :
```

## MEMORANDUM AND ORDER

JOYNER, J.                                          MAY 13, 2014

Before the Court are Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 10) and Plaintiff's Response Thereto (Doc. No. 14). For the following reasons, the Motion is GRANTED. Plaintiff is given leave to amend his Complaint within fifteen (15) days of this Order.

## II.     BACKGROUND

Plaintiff Fayiah Lebie brings a civil rights action against Darby Borough ("Darby") and Police Officer Paul McGrenera ("Officer McGrenera"). In his Amended Complaint ("Complaint") he alleges that, on June 10, 2012, he was attending a meeting sponsored by a National Liberian Organization. (Complaint ¶ 6). After hearing someone announce that the police were about to tow a red minivan, he exited the meeting and saw that the car in question belonged to his friend, Saah Johnson. Id. ¶¶ 8-11.

1

Plaintiff approached the police officer at the scene, Paul McGrenera, and pleaded with him to permit Mr. Johnson to move his vehicle. Id. ¶ 12. The officer refused, saying it was too late to prevent towing. Id. ¶ 13. Plaintiff then pulled out his cell phone to take photographs of the location being blocked by the vehicle, an abandoned garage. Id. ¶ 14. Plaintiff intended to show these photos to a judge if Mr. Johnson chose to dispute the citation. Id.

Officer McGrenera then approached Plaintiff and punched him in the face. Id. ¶ 16. He pulled out his taser and pointed it at Plaintiff, while Plaintiff pleaded with Officer McGrenera not to be shot. Id. ¶¶ 17-18. Plaintiff then "maneuvered around a parked vehicle"; Officer McGrenera responded by discharging his taser, striking Plaintiff in the thumb. Id. ¶ 19. Officer McGrenera then arrested Plaintiff and transported him to Mercy Fitzgerald Hospital to treat his taser wound and contusions to his face. Id. ¶¶ 21-22.

Based upon Officer McGrenera's allegations, Plaintiff was charged with multiple counts of aggravated assault, simple assault, recklessly endangering another person, criminal mischief, resisting arrest, disorderly conduct, harassment, and obstruction of highways. Id. ¶ 23. Plaintiff could not post the required $75,000.00 bail, so he spent 10 days in county jail until bail was lowered to $25,000.00. Id. ¶ 24. Due to his

arrest, Plaintiff missed his naturalization ceremony and was not able to become an American citizen. Id. ¶ 25.

Prior to trial, the District Attorney dropped all charges except one count each of aggravated assault, resisting arrest, and disorderly conduct. Id. ¶ 26. Plaintiff was found not guilty of all charges following a jury trial. Id. ¶ 27. He now brings suit against Officer McGrenera with claims under 42 U.S.C. § 1983, and under state law for assault and battery, false imprisonment, malicious prosecution, and intentional infliction of emotional distress.

In addition, Plaintiff brings a Monnell claim under 42 U.S.C. § 1983 against Darby Borough, Officer McGrenera's employer. In support of this claim, he alleges the following facts: in May 2011, while employed by the Borough of East Lansdowne, Officer McGrenera discharged his taser gun in the course of arresting Steven Rosembert. Id. ¶ 28. Officer McGrenera was hired by Darby in June 2011, and in May 2013 Steven Rosembert filed a civil complaint alleging that Officer McGrenera used excessive force in repeatedly discharging his Taser gun and using it to "pistol whip" Mr. Rosembert. Id. ¶ 30. Additionally, Plaintiff alleges that "[o]n information and belief, since the year 2000, there have been over 20 complaints filed in the Eastern District of Pennsylvania against Darby Borough and individual members of its police department alleging civil rights

3

violations, under 42 U.S.C. § 1983, including unlawful arrest and/or the use of excessive force." Id. ¶ 33. In two cases the allegations involved the use of a Taser gun. Id. ¶ 35. In one open matter, the allegation is the use of excessive force during the course of an unlawful arrest. Id. ¶ 36. Plaintiff also notes that, in each of these cases and in the instant matter, Darby Borough and the individual officers are represented by the firm of Holsten & Associates. Id. ¶¶ 32, 34.

### III.     STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Krantz v. Prudential Invs. Fund Mgmt., 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. Id. The Court

is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## IV. ANALYSIS

Defendants seek a dismissal of Plaintiff's claim against Darby Borough on the ground that Plaintiff has failed to plead facts to support a claim of municipal liability based on policy, practice, custom, or failure to train.

Local governing bodies such as Darby Borough may be sued where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Department of Social Services of New York, 436 U.S. 658, 690 (1978). Liability is imposed when the policy or custom itself violates the Constitution, or where the policy or custom is the "moving force" behind a constitutional violation by an employee of the local body. Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991).

A policy is made "when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)(quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). A custom may exist when, "though not authorized by law, such practices of state officials are so permanent and well

settled that they operate as law." Regan v. Upper Darby Tp., 363 Fed. Appx. 917, 923 (3d Cir. 2010).

"It is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." Andrews, 895 F.2d at 1480. The question of who is a policymaker is one of state law. Id. at 1481. When a plaintiff alleges a municipal policy, custom, or practice caused a constitutional deprivation, "the plaintiff must both identify officials with ultimate policymaking authority in the area in question and adduce scienter-like evidence . . . with respect to them." Simmons v. City of Philadelphia, 947 F.2d 1042, 1062 (3d Cir. 1991).

A. POLICY

Plaintiff has not alleged the existence of "an official proclamation, policy, or edict." Andrews, 895 F.2d at 1480. Nor has Plaintiff alleged the existence of a policymaker possessing final authority who may have issued such a policy or edit. Thus, Plaintiff has not stated a Monnell claim on the basis that the action alleged to be unconstitutional implements a policy of Darby Borough.

B. CUSTOM OR PRACTICE

Defendants contend that Plaintiff has not stated a Monnell claim based on an unconstitutional custom. Plaintiff alleges the

existence of the following "patterns, practices and customs":[1] (1) unlawful detentions and unlawful use of force by police officers; (2) the lack of monitoring of officers who it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers; (3) the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct; (4) police officers' use of their status as police officers to employ the unlawful use of force, or to achieve ends not reasonably related to their police duties; (5) the failure of police officers to follow established policies, procedures, directives and instructions regarding the use of arrest and use of force powers under such circumstances as presented in this case; (6) the failure to properly sanction or discipline officers who are aware of and conceal or aid and abet constitutional violations by other officers; (7) failure to establish a system which properly identifies, reports and/or investigates instances of improper conduct by its employees; (8) failure to adequately

---

[1] Plaintiff alleges that "Defendant Darby Borough has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of ..." (Complaint ¶ 43) as well as other failures "as a matter of policy or practice," id. ¶ 45. For analytical clarity, the Court has categorized each of the actions listed in these paragraphs as either customs, failures to train, or both.

sanction and/or discipline its employees for violations of the rights of citizens; and (9) failure to adequately hire, discipline, supervise and direct its employees concerning the rights of citizens. (Complaint at ¶¶ 43-45).

The Court is bound by the Third Circuit's language regarding Monnell claims, which unequivocally imposes on Plaintiff an "obligation to plead in some fashion that [a natural person] had final policy making authority, as that is a key element of a Monnell claim." Santiago v. Warminster Tp., 629 F.3d 121, 135 n.11 (3d Cir. 2010); see also McTernan v. City of York, PA, 564 F.3d 636, 658-9 (3d Cir. 2009)("Equally fatal, the . . . allegations in the complaint relevant to [plaintiff's] Monnell claim fail to allege conduct by a municipal decisionmaker . . . such as the Mayor or Police Chief.") In Santiago, the plaintiff alleged that three police officers, including Chief Murphy, were involved in planning and supervising an operation that violated plaintiff's constitutional rights. Id. at 127. In affirming the district court's dismissal, the Third Circuit reasoned that "[t]he complaint does not allege that Chief Murphy had policymaking authority, nor does it allege what action he took that could fairly be said to be policy." Id. at 135. In the instant case, Plaintiff's allegations are even thinner than those in Santiago, for Plaintiff has not directly named a single official who may reasonably be inferred to have policymaking

8

authority. Nor does Plaintiff address in his Response the fact that the Complaint names no such policymaker. Without reference to a natural person with policymaking authority, the Court cannot infer that a policymaker acquiesced in the customs that Plaintiff attributes to Darby Borough. Plaintiff has failed to state a Monnell claim on the basis of an unconstitutional custom by Darby Borough.

## C. FAILURE TO TRAIN

Defendants also aver that Plaintiff has not alleged facts sufficient to sustain a "failure to train" theory against the Borough. A local governing body's failure to train its police officers "can give rise to a constitutional violation only when that failure 'amounts to deliberate indifference to the rights of persons with whom the police come into contact.'" Simmons v. City of Philadelphia, 947 F.2d 1042, 1060 (3d Cir. 1991)(citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). However, "municipal liability for failure to train cannot be predicated solely on a showing that the [] employees could have been better trained or that additional training was available that would have reduced the overall risk of constitutional injury." Colburn v. Upper Darby Tp., 946 F.2d 1017, 1030 (3d Cir. 1991). Instead, "the identified deficiency in the training program must be closely related to the ultimate constitutional injury," id. at 1028, that is, the plaintiff must prove "that the deficiency in

training actually caused [the constitutional violation]." Id. (quoting City of Canton, 489 U.S. at 391).

The failure to provide training must reasonably be said "to reflect a deliberate indifference to whether constitutional deprivations of the kind alleged occur." Id. at 1030. Deliberate indifference stringently "requir[es] proof that a *municipal actor* disregarded a known or obvious consequence of his action." Connick v. Thompson, 131 S.Ct. 1350, 1360 (2011)(internal quotation omitted)(emphasis added). A pattern of similar constitutional violations by untrained employees is usually required to prove deliberate indifference. Id. "Without notice that a course of training is deficient in a particular respect," deliberate indifference cannot be found. Id. However, in very rare circumstances, "the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable" without a pattern of similar violations. Id. at 1361.

Moreover, as with a custom or policy claim, "absent the conscious decision or deliberate indifference of some natural person, a municipality, as an abstract entity, cannot be deemed to have engaged in a constitutional violation by virtue of . . . a failure to train." Simmons, 947 F.2d at 1063. Thus, "the primary liability of an actual person - namely, a municipal employee - is predicate to holding a municipality liable" under a failure to train theory. Id. at 1061.

Plaintiff has alleged the following failures to train by Darby Borough, in the following areas (1) the rights of citizens; (2) unlawful detentions and unlawful use of force by police officers; and (3) police officers' use of their status as police officers to employ the unlawful use of force, or achieve ends not reasonably related to their police duties.

As with his claim of an unconstitutional custom, Plaintiff has not alleged a natural person to whom a conscious decision or deliberate indifference to a failure to train can be attributed. Plaintiff points only to entities - the Darby Borough City Council (Complaint ¶ 29) and Darby Borough, id. ¶ 42 et seq. - as shouldering responsibility for the unconstitutional failure to train. Without an allegation that a *policymaker* of Darby Borough was on "actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights," Connick, 131 S.Ct. at 1360, the Court cannot infer that the Borough was deliberately indifferent. For this reason, as above, the Court cannot find that Plaintiff's Complaint states a viable Monell claim.

## CONCLUSION

For the reasons above, Defendant's Motion to Dismiss Plaintiff's Monell claim is GRANTED.